# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE F. STROBEL, individually and as Trustee of the STROBEL CHARITABLE REMAINDER UNITRUST DATED 11/29/00,<br><br>                  Petitioner,<br>vs.<br><br>MORGAN STANLEY DEAN WITTER; and SUZANNE LATOUR,<br><br>                  Respondents. | CASE NO. 04CV1069 BEN (BLM)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION FOR STAY; AND DENYING EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE FOR CONTEMPT<br>[Dkt. Nos. 31, 46] |

## I. INTRODUCTION

Respondents Morgan Stanley Dean Witter and Suzanne Latour (collectively "Respondents" or "Morgan Stanley") move this Court for reconsideration of its November 16, 2006[1] Order pursuant to Fed. R. Civ. P. 60(b)(6) and Local Civil Rule 7.1. In its Order, the Court denied Respondents' Petition to Confirm an NASD Arbitration Award, denied Petitioners' Petition to Vacate the Award, and remanded to the panel for determination of a proper damage award in keeping with the substance of the Order.

## II. DISCUSSION

For purposes of this motion, the Court will assume familiarity with the factual and procedural history of this case.

    A.    *Clarification of the Court's November 16, 2006 Order*

---

[1] The Order was amended on December 11, 2006 for typographical corrections, and entered on the docket.

Before discussing Respondents' motion, the Court seemingly must clarify what it believed to be an unambiguous statement in its Order. Both parties appear to have misunderstood the final paragraphs of the Court's Order, which read as follows:

> If the Court was able, it would award Ms. Strobel the full $281,729 that the undisputed evidence establishes as the amount of damages to which she is entitled. Rather, in deference to the arbitration process, and because the manifest disregard of the law is limited to the issue of damages, the Court believes it to be in the interest of justice to remand with instructions to make a proper damage award, in keeping with this Order.
>
> For the reasons stated above, the Court DENIES the Petition to Vacate the Arbitration Award, DENIES the Cross-Petition to Confirm the Arbitration Award, and REMANDS to the panel for an award of damages in keeping with the substance of this Order.

November 16, 2006 Order at 9. Contrary to Petitioners' assertion, which Respondents have adopted, the Court did NOT order the panel to enter a damages award in the amount of $281,729. Rather, the Court remanded to the panel "for an award of damages in keeping with the substance of this order." Had the Court wished to instruct the panel on the exact amount to be awarded, it would have done so.

Rather, the Court explained in the substance of the order why the panel was in manifest disregard of the law with respect to damages. As part of this determination, the Court reviewed the record, as it is obligated to, for any rational or colorable basis for the panel's determination. *See Wallace v. Buttar*, 378 F.3d 182 (2d Cir. 2004) ("To the extent that a federal court may look upon the evidentiary record of an arbitration proceeding at all, it may do so *only* for the purpose of discerning whether a colorable basis exists for the panel's award so as to assure that the award cannot be said to be the result of the panel's manifest disregard of the law").[2] The Court further explained its finding to the panel by providing an analysis of the various defenses offered by the Respondents, and why they were deficient as a matter of law, relying on the NASD's own interpretation of those defenses. November 16, 2006 Order at 8-9. The Court's intention in doing so was to *defer* to the panel's finding of liability and simply instruct it to make a damages award that conformed both to that finding and the law as explained by the Court. It is for that exact

---

[2] The Second Circuit uses the same "manifest disregard of the law" standard as the Ninth Circuit. *See e.g. Kyocera Corp. v. Prudential Bache Trade Services, Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (en banc).

reason of the Court's deference to the arbitration process that it did not order the entry of a particular amount of damages.

Respondents further assert that the Court's Remand denied them an opportunity to be heard because they could not have anticipated a "remand for modification." The Court finds no merit to this suggestion. Between them, the parties had moved collectively for confirmation, vacatur, and remand for clarification. Respondents have made no showing that they were prejudiced by the Court's narrow remand. Nor have they made any showing that their arguments would have been any different had they had the foresight to consider modification. To the contrary, their motion for reconsideration is more or less a rehash of their arguments favoring confirmation and opposing vacatur or remand.

B. *Motion to Stay*

Respondents move for a stay of the Court's November 16, 2006 Order pending its ruling on the motion for reconsideration. This motion is now moot, and therefore denied. The Court must note however with respect to the action (or inaction) of the arbitration panel since the entry of the November 16 Order, that while Respondents moved for a stay, it was NOT granted. The Court's Order was therefore in full effect. The panel's decision to treat the motion for stay as a grant of a stay was inappropriate, and led to delay which only further prejudiced Ms. Strobel, who is now 86 years old.

Similarly, the Court is compelled to remind the parties and the panel of the well-established law that the Notice of Appeal filed on December 13, 2006 does not by itself stay the effectiveness of the Order under review. Fed. R. Civ. P. 62(a); (d). *See also United States v. United Mine Workers of America*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed bv the parties until it is reversed by orderly and proper proceedings.").

C. *Motion for Reconsideration*

Respondents move for reconsideration pursuant to both Local Civil Rule 7.1 and Fed. R. Civ. P. 60(b)(6). Local Civil Rule 7.1.i requires a party seeking reconsideration to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not

shown, upon such prior application." Respondents fail to meet this requirement. In fact, the only thing that appears to be new or different is Respondents' counsel, who was substituted for their prior counsel immediately after the Court issued its ruling on November 16, 2006. While Respondents submit a declaration by counsel in support of the motion pursuant to the rule, that statement does not include any "new or different facts or circumstances...which did not exist or were not shown" in the previous petition to confirm the award, or in opposition to the petition to vacate the award. The motion for reconsideration under Local Civil Rule 7.1.i is therefore denied.

Respondents also move for reconsideration under Fed. R. Civ. P. 60(b)(6). Rule 60(b) reads as follows:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Apparently recognizing that their arguments do not fall in any of the first five categories delineated by Rule 60(b), Respondents solely ask the Court to reconsider pursuant to Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment."

While this final ground provided by the rule may appear to be a "catch-all", courts have interpreted it far more stringently. The Supreme Court has cautioned that it "should only be applied in 'extraordinary circumstances'". *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193 (1950)). The extraordinary circumstances referred to in that case involved the party's discovery of the district court judge's personal stake in the litigation and the need to reopen the litigation so that the judge could be disqualified. Other cases have similarly applied the "extraordinary circumstances" standard for relief under Rule 60(b)(6). *See e.g. Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006) ("Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely

1  action to prevent or correct an erroneous judgment.") (internal quotations and citations omitted);
2  *Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002) (gross negligence of
3  counsel constituted extraordinary circumstances sufficient for relief under Rule 60(b)(6))*; United
4  States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (Rule 60(b)(6) only to
5  be utilized under extraordinary circumstances).  Respondents' belief that the Court's ruling is
6  incorrect does not qualify as the type of extraordinary circumstance which would entitle them to
7  relief under Rule 60(b)(6).

8        The Court cannot emphasize strongly enough that the Rules allowing for motions for
9  reconsideration are not intended to provide litigants with a second bite at the apple.  Rather,
10  reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and
11  conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890
12  (9th Cir. 2000).  In an adversarial system such as ours, more often than not one party will win and
13  one will lose.  Generally, it follows that the losing party will be unhappy with the Court's decision.
14  Rarely does the losing party believe that its position lacked merit, or that the Court was correct in
15  ruling against it.  Rather than either accept the Court's ruling or appeal it, it seems to have instead
16  become *de rigueur* to file a motion for reconsideration.  The vast majority of these motions
17  represent a simple rehash of the arguments already made, although now rewritten as though the
18  Court was the opposing party and its Order the brief to be opposed.  It is easy for each litigant to
19  consider only his or her own motion, and the seemingly manifest injustice that has been done to
20  them.  But the cumulative effect is one of abuse of the system and a drain on judicial resources that
21  could be better used to address matters that have not yet been before the Court once, let alone
22  twice.

23        This is not to say that a motion for reconsideration is never well-taken.  A litigant should
24  not shy from bringing to the Court's attention changes in facts and circumstances that render a
25  ruling no longer logical, an intervening change in controlling authority, or other critical matters
26  that the Rules provide should be brought to the Court's attention in this way.  On this basis,
27  motions for reconsideration should be few, far between, and narrowly focused.  When this is the
28  case, the Rules work as they were intended, and the Court can focus on the business of justice.

## III.  CONCLUSION

For the reasons stated above, Respondents' Motion for Stay is DENIED, and Motion for Reconsideration is DENIED.  Further, due to the prejudice already suffered by Petitioner from the panel's inappropriate delay, the Court hereby orders the panel to issue a damages award that meets the requirements of the Remand order as clarified above WITHIN 30 DAYS of the entry of this Order.  Failure to do so will result in an Order to Show Cause why the panel should not be subject to a finding of civil contempt.  *See Red Ball Interior Demolition Corp. v. Palmadessa,* 947 F. Supp. 116, 120-21 (S.D.N.Y. 1996) (finding that a district court remains vested with the power to enforce an order under appellate review, including by civil contempt).

IT IS SO ORDERED.

Dated: April 9, 2007

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE