# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE F. STROBEL, individually and as Trustee of the STROBEL CHARITABLE REMAINDER UNITRUST DATED 11/29/00,<br><br>　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>MORGAN STANLEY DEAN WITTER; and SUZANNE LATOUR,<br><br>　　　　　　　　　　Respondents. | CASE NO. 04CV1069 BEN (BLM)<br><br>ORDER DENYING EX PARTE APPLICATION FOR STAY [Dkt. No 52] |

## I. INTRODUCTION

Respondents Morgan Stanley Dean Witter and Suzanne LaTour (collectively "Respondents" or "Morgan Stanley") move this Court *ex parte* for a stay of its November 16, 2006[1] Order ("November 16 Order") and its April 11, 2007 Order ("April 11 Order" or "Reconsideration Order") pending appellate review. In its November 16 Order, the Court denied Respondents' Petition to Confirm an NASD Arbitration Award, denied Petitioners' Petition to Vacate the Award, and remanded to the panel for determination of a proper damage award in keeping with the substance of the Order. In its April 11 Order, the Court clarified the November 16 Order, denied Respondents' Motion for Reconsideration, and denied Respondents' Motion to Stay. The Court further Ordered that the arbitration panel comply with the Court's Order within 30 days or show cause why it should not be held in contempt.

---

[1] The Order was amended on December 11, 2006 for typographical corrections, and entered on the docket.

## II.  DISCUSSION

For purposes of this motion, the Court will assume familiarity with the factual and procedural history of this case.

The standard for granting a stay pending appeal is similar to that employed for deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The Ninth Circuit uses two interrelated tests, which represent "the outer reaches of a single continuum." *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999).  "[T]he relative hardship to the parties" is the "critical element" in deciding at which point along the continuum a stay is justified. *Benda v. Grand Lodge of International Association of Machinists, etc.*, 584 F.2d 308, 314-15 (9th Cir.1978), *cert. dismissed*, 441 U.S. 937 (1979).

In support of the first factor, a likelihood of success on the merits, Respondents argue that the Court is likely to be reversed on appeal. In doing so, they reiterate their now twice-heard arguments in support of confirmation of the arbitration award.  Needless to say, the Court will not address those arguments again.  However, as Respondents note, "[w]hen the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal." *Canterbury Liquors & Pantry v. Sullivan,* 999 F. Supp. 144, 150 (D. Mass. 1998).  Rather, "the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Id.*

According to Respondents, the appeal raises several serious questions of law, primarily revolving around the Court's equitable tolling analysis.  While the Court disagrees with Respondents regarding the validity of the Court's analysis of the issue, it is fair to say that the question is one on which the current case law is thin.  But the existence of a serious or novel legal issue alone is insufficient to support the grant of a stay.  It must be coupled with the balance of

1  hardships tipping strongly in favor of the party seeking a stay.  *Sun Microsystems, Inc. v.*
2  *Microsoft Corp.*, 188 F.3d at 1119.  This is where Respondents' argument loses traction.
3        Under no set of circumstances in this case does the balance of hardships tip in Morgan
4  Stanley's favor.  Morgan Stanley argues three forms of "irreparable injury" if the Court does not
5  stay its Order: (1) Respondents will be deprived of the benefit of the arbitration agreement; (2)
6  enforcement of the Order could eliminate the Ninth Circuit's ability to grant relief; and (3) LaTour
7  may be adversely affected by further action of the arbitrators, who exonerated her in their award.
8  The Court will address these arguments *seriatim*.
9        First, Respondents argue that they will be deprived of the benefit of their arbitration
10 agreement should the Court deny them a stay.  This argument seems to imply that the arbitration
11 agreement Respondents entered into with Strobel was intended to be beyond the reach of the
12 Court's review powers under the Federal Arbitration Act, 9 U.S.C. § 9, *et seq.* ("FAA").
13 Respondents have presented no evidence to support this idea.  The other inference to be drawn
14 from this argument is that any time a district court uses the limited review power granted to it by
15 Congress under the FAA, it is denying the parties the benefit of their arbitration agreement.  Surely
16 Congress would not go to the effort of passing legislation it intended to be completely toothless.
17 The authority cited by Respondents is wholly inapposite on this point.  *Alascom, Inc. v. ITT North*
18 *Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984) deals with the effect of granting a stay of arbitration in
19 favor of judicial proceedings, and whether that order should be appealable.  It is in this context that
20 the Ninth Circuit comments "if that party must undergo the expense and delay of a trial before
21 being able to appeal [the order staying arbitration], the advantages of arbitration - speed and
22 economy - are lost forever," and further responds to that loss as "serious, perhaps, irreparable." *Id.*
23 at 1422.  That is a far cry from Respondents' attempt to have those words stand for the proposition
24 that this Court must allow a *judicial* appeal process to be completed before the *arbitration* panel
25 can act on the basis of the Court's Remand Order.
26       Respondents' second "irreparable harm" is equally illusory.  The Ninth Circuit's ability to
27 review this Court's Orders does not disappear once those Orders are implemented.  Nor is its
28 ability to fashion effective relief endangered here.  Respondents' suggestion that should the panel

1  issue a new damages award the Ninth Circuit would be unable to reverse this Court and find that
2  the original award should have been confirmed, is without basis or authority.
3       Third, Respondents' argument that LaTour may be adversely affected by further actions of
4  the arbitrators again seems to ignore the Court's actual Order, as well as its clarification thereof.
5  The Court did not disturb the panel's liability findings, solely its assessment of damages. The
6  panel found LaTour not liable, and recommended that her public record be expunged. The Court
7  is unclear as to what basis the panel would have to reopen proceedings as to LaTour's liability or
8  anything other than the award of damages. The Court finds that none of these arguments support a
9  finding of irreparable harm to Respondents, or that the balance of hardships tips in their favor.
10      Finally, the remaining factors the Court must consider come out in favor of denying a stay.
11 The public interest, which Respondents define as preserving the finality of arbitration proceedings,
12 does not weigh strongly here one way or the other. The public has an equally strong interest in
13 arbitration awards not being rendered in manifest disregard of the law. The crucial factor here is
14 the potential harm to Petitioner from the granting of a stay. As the Court noted in its April 11
15 Order, Petitioner is 86 years old, and has already been prejudiced by undue delay on the part of the
16 arbitration panel. Without any authority, Respondents suggest that because delay in enforcement
17 of an order always results from a stay, it is not a "true harm". The fact that a harm is not unique
18 does not render it nonexistent. Delay can be a particularly irreparable harm to an elderly
19 individual. *See e.g.. Lopez v. Heckler*, 713 F.2d at 1437 (finding when plaintiff's life span was
20 limited, deprivation of benefits pending further litigation was irreparable harm, whereas financial
21 status quo could be later restored for other party). In this case, the only real harm that can be made
22 out to Morgan Stanley would be the payment of damages to Strobel, in an amount which given
23 Morgan Stanley's size and worth, is barely a drop in the proverbial bucket. This does not qualify
24 as irreparable injury because Morgan Stanley can be made whole again by the return of those same
25 money damages. Where there is an adequate remedy at law, i.e. money damages, equitable relief
26 is not appropriate. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir.
27 1996).
28

## III. CONCLUSION

For the reasons stated above, Respondents' Ex Parte Application for Stay Pending Appeal is DENIED.

IT IS SO ORDERED.

DATED: April 24, 2007

_____
Hon. Roger T. Benitez
United States District Judge